## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RANDOLPH ARMSTEAD                                   CIVIL ACTION

VERSUS                                              NO. 17-5947

KEITH DEVILLE, WARDEN                               SECTION "G"(4)

## ORDER AND REASONS

Before the Court are Petitioner Randolph Armstead's ("Petitioner") objections to the second Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a Louisiana state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge initially recommended that the Court dismiss the petition without prejudice for failure to exhaust state court remedies.[3] In objection, Petitioner presented evidence showing that his state court remedies had been exhausted after the first Report and Recommendation was issued.[4] Accordingly, the Court rejected the first Report and Recommendation, and referred the matter back to the Magistrate Judge to prepare a second Report and Recommendation on the remaining claims.[5] In the second Report and Recommendation, the Magistrate Judge recommended that Plaintiff's claims be dismissed on the merits.[6] Petitioner objects to the second Report and Recommendation.[7] After reviewing the petition, the State's

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13.

[4] Rec. Doc. 14.

[5] Rec. Doc. 17.

[6] Rec. Doc. 18.

[7] Rec. Doc. 19.

response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

## I. Background

### A.    *Factual Background*

On December 16, 2010, Petitioner was charged by Indictment in the Orleans Parish Criminal District Court with one count of aggravated rape of T.B. and one count of second-degree kidnapping of T.B.[8] On September 2, 2012, the first count was amended to felony carnal knowledge of a juvenile.[9] The State later entered a nolle prosequi as to the second count.[10]

Petitioner was tried before a jury on March 26, 2013, and he was found guilty of the amended charge of felony carnal knowledge of a juvenile.[11] At a May 3, 2013 hearing, the state trial court denied Petitioner's motion for new trial, which was based on a recanting affidavit and testimony from the victim.[12] The same day, the state trial court sentenced Petitioner to serve 10 years in prison.[13]

On June 4, 2014, the Louisiana Fourth Circuit Court of Appeal reversed Petitioner's conviction, finding that the state trial court initially granted a motion to quash the indictment which divested the trial court of jurisdiction to reverse its own decision and conduct the trial.[14] The

---

[8] State Rec., Vol. I of VII, Indictment, Dec. 16, 2010.

[9] State Rec., Vol. I of VII, Amended Indictment, Sept. 2, 2012.

[10] State Rec., Vol. I of VII, Minute Entry, Feb. 23, 2017.

[11] State Rec., Vol. I of VII, Trial Minutes, Mar. 26, 2013.

[12] State Rec., Vol. I of VII, Hearing Minutes, May 3, 2013.

[13] State Rec., Vol. I of VII, Sentencing Minutes, May 3, 2013.

[14] *State v. Armstead*, 2014-KA-36 (La. App. 4 Cir. 6/4/14); 144 So. 3d 66.

Louisiana Supreme Court granted the State's related writ application, reversed the appellate court, and reinstated Petitioner's conviction and sentence.[15] The matter was later remanded to the Louisiana Fourth Circuit to consider Armstead's remaining claims on appeal.[16]

On January 28, 2015, the Louisiana Fourth Circuit issued a second opinion and affirmed Plaintiff's conviction and sentence, finding that the claim challenging the lack of testimony from the original DNA analyst was not preserved for appeal by timely objection and finding the rest of Petitioner's claims to be meritless.[17]

Petitioner filed a writ application before the Louisiana Supreme Court raising four issues: (1) the trial court erred by allowing the trial to proceed without the testimony of the victim; (2) the trial court erred by excluding the statements of the victim's mother which were exceptions to the hearsay rule; (3) the trial court erred by denying the motion for new trial where the victim testified that she was told by someone in the District Attorney's office not to come to court on the day of trial because there would be jury selection all day; and (4) the evidence was insufficient to support the conviction.[18] The Louisiana Supreme Court denied the writ application without stated reasons on January 8, 2016.[19]

On May 6, 2016, Petitioner submitted an application for post-conviction relief to the state trial court asserting two grounds for relief: (1) his counsel was ineffective when she did not appeal the trial court's reversal of its ruling on the motion to quash; and (2) the trial court was without

---

[15] *State v. Armstead*, 2014-K-1365 (La. 9/12/14); 147 So. 3d 162.

[16] *State v. Armstead*, 2014-K-1365 (La. 11/21/14), 153 So. 3d 998.

[17] *State v. Armstead*, 2014-0036 (La. App. 4 Cir. 1/28/15); 159 So. 3d 502.

[18] State Rec., Vol. VI of VII, La. S. Ct. Writ Application, Feb. 26, 2015.

[19] *State v. Armstead*, 2015-K-392 (La. 1/8/16); 184 So. 3d 692 (La. 2016).

jurisdiction to grant the State's request to appeal the granting of the motion to quash.[20] The state trial court summarily denied relief on September 9, 2016.[21]

The Louisiana Fourth Circuit Court of Appeal denied Petitioner's related writ application without stated reasons on February 3, 2017.[22] On February 10, 2017, Petitioner submitted a writ application to the Louisiana Supreme Court seeking review of the appellate decision.[23] On May 18, 2018, the Louisiana Supreme Court denied Petitioner's writ application finding that he failed to show ineffective assistance under the standards of *Strickland v. Washington*,[24] and his other claim was repetitive under Louisiana Code of Criminal Procedure article 930.4.[25]

On June 20, 2017, while the Louisiana Supreme Court proceeding was pending, Petitioner filed a federal habeas corpus relief application in this Court.[26] The petition raises the following claims for relief: (1) the state trial court erred in allowing trial to proceed without the testimony of the victim; (2) the state trial court erred by excluding the statements of the victim's mother which were exceptions to the hearsay rule; (3) the state trial court erred by denying the motion for a new trial when the victim testified that she was told by someone in the District Attorney's office not to come to court on the day of trial because there would be jury selection all day; (4) the evidence was insufficient to support the conviction; (5) counsel was ineffective because she did not appeal the state trial court's reversal of its ruling on the motion to quash; and (6) the state trial court had

---

[20] State Rec., Vol. VII of VII, Application for Post-Conviction Relief, May 6, 2016.

[21] State Rec., Vol. VII of VII, Trial Court Order, Sept. 9, 2016.

[22] *State ex rel. Armstead v. State*, 2017-K-83 (La. App. 4 Cir. 2/3/17); State Rec., Vol. VII of VII.

[23] State Rec., Vol. VII of VII, La. S. Ct. Writ Application Feb. 10, 2017 (filed Mar. 1, 2017).

[24] 466 U.S. 668 (1984).

[25] *State ex rel. Armstead v. State*, 2017-KH-367 (La. 5/18/18); 242 So. 3d 1221.

[26] Rec. Doc. 1.

no jurisdiction to proceed with the case after it initially granted the motion to quash the indictment.[27]

On September 27, 2017, the State filed a response asserting that the petition should be dismissed for failure to exhaust state court remedies because Petitioner's post-conviction relief writ application was pending before the Louisiana Supreme Court.[28] On May 16, 2018, the Magistrate Judge recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies.[29] On January 14, 2019, this Court rejected the recommendation because the Louisiana Supreme Court had ruled on the writ application on May 18, 2018, and therefore Petitioner had exhausted state court remedies.[30]

On May 21, 2019, the Magistrate Judge issued a second Report and Recommendation, recommending that the petition be dismissed with prejudice on the merits.[31] On June 3, 2019, Petitioner filed objections to the Magistrate Judge's recommendation.[32]

**B.      *Report and Recommendation Findings***

The Magistrate Judge recommends that the petition be dismissed with prejudice on the merits.[33] First, the Magistrate Judge considered Petitioner's claim that the state trial court erred when it allowed trial to proceed without the victim, T.B., present to testify.[34] Because the victim's

---

[27] *Id.*

[28] Rec. Doc. 8.

[29] Rec. Doc. 13.

[30] Rec. Doc. 17.

[31] Rec. Doc. 18.

[32] Rec. Doc. 19.

[33] Rec. Doc. 18.

[34] *Id.* at 9–11.

statements were not presented at trial, the Magistrate Judge found that Petitioner's confrontation rights were not implicated or violated by the victim's absence.[35] Accordingly, the Magistrate Judge determined that Petitioner was not entitled to relief on this claim.[36]

Second, the Magistrate Judge considered Petitioner's claim that the state trial court erred by excluding the statements of T.B.'s mother which could have been admitted as exceptions to the hearsay rule.[37] Petitioner argued that T.B.'s mother told Detective Neely that T.B. told her that she lied about the alleged rape to cover-up how she contracted a sexually transmitted disease.[38] On direct appeal, the Louisiana Fourth Circuit held that Petitioner failed to prove T.B.'s mother was unavailable to testify to invoke the exception to Louisiana's hearsay rule, and Petitioner did not establish that corroborating circumstances indicated the trustworthiness of the mother's statement.[39] The Magistrate Judge found that the admissibility of testimony is a matter of state law that is not subject to re-examination on habeas review.[40] Because Petitioner had not shown an error under state law, the Magistrate Judge found no basis for  any alleged due process violation.[41] Furthermore, even if due process is considered under federal law, the Magistrate Judge determined that Petitioner had not established that the exclusion of the specifics of the mother's statement had an injurious effect on the verdict.[42] The Magistrate Judge noted that the jury heard testimony from

---

[35] *Id*. at 11.

[36] *Id*.

[37] *Id*. at 12–15.

[38] *Id*. at 12.

[39] *Id*.

[40] *Id*.

[41] *Id*. at 14.

[42] *Id*.

Detective Neely that he originally closed the case as unfounded based on discussions with T.B.'s mother.[43] Accordingly, the Magistrate Judge concluded that the state court's denial of relief on this issue was not contrary to or an unreasonable application of federal law.[44]

Third, the Magistrate Judge considered Petitioner's claim that the state trial court erred by denying the motion for new trial when the victim testified at the post-conviction hearing that she was told not to come to court on the day of trial because there would be jury selection all day.[45] The Magistrate Judge found Petitioner's argument that the state trial court erred when it denied the motion for a new trial did not involve questions of federal or constitutional law, and therefore, review of such claims was not proper on habeas review.[46] The Magistrate Judge determined that Petitioner failed to prove a constitutional violation in the failure of the victim to appear or testify at his trial.[47] Accordingly, the Magistrate Judge found that Petitioner was not entitled to relief on this issue.[48]

Fourth, the Magistrate Judge addressed Petitioner's claim that the evidence was insufficient to support the conviction because: (1) the jury should not have believed that he was the perpetrator when the victim named two other people whom she said went to her school; (2) Detective Neely initially closed the case as unfounded; and (3) the DNA evidence and the testing were unreliable.[49] The Magistrate Judge found that the jury was well-within the ambit of its authority to resolve and

---

[43] *Id.*

[44] *Id.* at 15.

[45] *Id.* at 15–16.

[46] *Id.* at 15.

[47] *Id.* at 16.

[48] *Id.*

[49] *Id.* at 16–20.

consider the amount of evidence brought before it to prove that Petitioner had sexual intercourse with T.B.[50] Accordingly, the Magistrate Judge found that Petitioner was not entitled to relief on this issue.[51]

Fifth, the Magistrate Judge considered Petitioner's claim that his counsel was ineffective because she did not file a pretrial appeal after the state trial court reversed itself and denied the motion to quash the indictment.[52] The Magistrate Judge noted that this matter was considered twice on direct appeal.[53] Therefore, the Magistrate Judge found that Petitioner suffered no prejudice from his counsel's failure to seek pretrial review of the state trial court's order, and counsel was not deficient for failing to bring a meritless claim in an earlier proceeding.[54] Accordingly, the Magistrate Judge concluded that the state court's denial of relief on this issue was not contrary to or an unreasonable application of federal law.[55]

Finally, the Magistrate Judge considered Petitioner's claim that the state trial court was without jurisdiction to consider the case after it initially granted the motion to quash the indictment.[56] The Magistrate Judge found that Petitioner had not shown an error was made under

---

[50] *Id.* at 19.

[51] *Id.* at 20.

[52] *Id.* at 20–26.

[53] *Id.* at 25.

[54] *Id.* at 25–26.

[55] *Id.* at 26.

[56] *Id.* at 26–28.

state law, and failed to show a violation of his federal constitutional rights.[57] Accordingly, the

Magistrate Judge found that Petitioner was not entitled to relief on this issue.[58]

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[59] First,

Petitioner contends that his conviction is invalid because the state trial court did not have

jurisdiction over the case.[60] Petitioner asserts that he is innocent of the crime because the alleged

victim stated that she did not have a sexual relationship with Petitioner.[61] Second, Petitioner argues

that the Magistrate Judge erred by recommending that the petition be dismissed without ordering

an evidentiary hearing.[62]

### B.    *The State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite

receiving electronic notice of the filing.

## III. Standard of Review

### A.    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to

provide a Report and Recommendation. The District Judge "may accept, reject, or modify the

---

[57] *Id*. at 28.

[58] *Id*.

[59] Rec. Doc. 19.

[60] *Id*. at 3–4.

[61] *Id*. at 4.

[62] *Id*. at 3.

recommended disposition" of a Magistrate Judge on a dispositive matter.[63] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[64] The District Court's review is limited to plain error for parts of the report which are not properly objected to before imposing sentence.[65]

## B.     Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[66] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[67] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[68]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from

---

[63] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[64] Fed. R. Civ. P. 72(b)(3).

[65] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[66] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[67] 28 U.S.C. § 2254(d)(2).

[68] 28 U.S.C. § 2254(d)(1).

a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[69]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[70] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[71]

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[72] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[73] A district court's review is limited to plain error for parts of the report which are not properly objected to.[74]

"A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[75] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of

---

[69] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[70] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[71] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[72] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[73] Fed. R. Civ. P. 72(b)(3).

[74] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[75] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

cooperation and of rapport between the parallel systems of state and federal courts."[76] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[77]

## IV. Analysis

Petitioner raises two objections to the Report and Recommendation.[78] First, Petitioner contends that his conviction is invalid because the state trial court did not have jurisdiction over the case.[79] Second, Petitioner argues that the Magistrate Judge erred by recommending that the petition be dismissed without ordering an evidentiary hearing.[80] The Court addresses each of these issues in turn.

### A.      *Jurisdiction of the State Trial Court*

Petitioner contends that his conviction is invalid because the state trial court did not have jurisdiction over the case.[81] The jurisdictional issue involves a question of state law. Petitioner argues that under Louisiana law, the state trial court was divested of jurisdiction when it granted the State's motion for leave to appeal, and therefore the state trial court did not have jurisdiction to reconsider its order granting the motion to quash and proceed to trial.[82] On direct appeal, the Louisiana Fourth Circuit Court of Appeal granted relief on this issue, finding that the state trial

---

[76] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[77] *Id.*

[78] Rec. Doc. 19.

[79] *Id.* at 3–4.

[80] *Id.* at 3.

[81] *Id.* at 3–4.

[82] Rec. Doc. 1 at 11, 30–32.

court was divested of jurisdiction to reconsider its ruling when it granted the State's motion for leave to appeal.[83] However, the Louisiana Supreme Court reversed that decision, reinstating Petitioner's conviction and sentence.[84]

Petitioner's claim that the state courts erroneously applied state law is not cognizable on federal habeas review. "The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[85] A federal habeas court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."[86]

Additionally, Petitioner has not demonstrated that a federal constitutional violation arose from the actions of the state courts. Petitioner was provided significant appellate review of the jurisdictional authority of the state trial court and the propriety of the denial of his motion to quash. He has pointed to nothing to demonstrate that he was denied a fair hearing on any aspect of his claims. Therefore, on *de novo* review, the Court finds that Petitioner is not entitled to habeas relief on this claim because the state courts' denial of relief on this issue was not contrary or an unreasonable application of federal law.

**B.     *Entitlement to an Evidentiary Hearing***

Petitioner argues that the Magistrate Judge erred by recommending that the petition be dismissed without ordering an evidentiary hearing.[87] 28 U.S.C. § 2254(e)(2) provides that a *federal*

---

[83] *Armstead*, 144 So. 3d at 66.

[84] *Armstead*, 147 So. 3d at 162.

[85] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal citations and quotation marks omitted).

[86] *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994).

[87] Rec. Doc. 19 at 3.

district court shall not hold an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings . . . unless the applicant shows that" the claim falls within certain narrow exceptions.[88] In *Cullen v. Pinholster*, the Supreme Court recognized that the AEDPA limits "the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."[89] The Supreme Court explained that, because Section 2254(d)(1) "refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law[,] [t]his backward-looking language requires an examination of the state-court decision at the time it was made."[90]

Thus, "the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court."[91] "*Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d)."[92] Moreover, a federal district court may conduct an evidentiary hearing if it first determines, based only on the state

---

[88] 28 U.S.C. § 2254(e)(2). These narrow exceptions exist where:

(A) the claim relies on—

  (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[89] 563 U.S. 170, 181 (2011).

[90] *Id.* (quoting 28 U.S.C. § 2254(d)(1)).

[91] *Id.*

[92] *See Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

record, that the state court's decision on an issue of fact "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[93]

In the instant case, Petitioner has not demonstrated based on the state record that the state court's resolution of Petitioner's claims was contrary to, or involved an unreasonable application of, clearly established federal law. Petitioner also has not shown based on the state record that the state court's resolution of any issue of fact was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner has not shown that an evidentiary hearing is warranted.

**B.    *Portions of the Report and Recommendation Without Objection***

Petitioner does not object to the other portions of the Report and Recommendation. Specifically, the Magistrate Judge found that Petitioner is not entitled to relief on his claims that: (1) the state trial court erred in allowing trial to proceed without the testimony of the victim; (2) the state trial court erred by excluding the statements of the victim's mother which were exceptions to the hearsay rule; (3) the state trial court erred by denying the motion for new trial when the victim testified that she was told by someone in the District Attorney's office not to come to court on the day of trial because there would be jury selection all day; (4) the evidence was insufficient to support the conviction; and (5) counsel was ineffective because she did not appeal the state trial court's reversal of its ruling on the motion to quash.[94] The Magistrate Judge thoroughly analyzed the law and the facts applicable to these claims, and Petitioner does not object to the Magistrate Judge's findings. Reviewing these portions of the Report and Recommendation for plain error,[95]

---

[93] 28 U.S.C. § 2254(d)(2). *See also Blue*, 665 F.3d at 657.

[94] Rec. Doc. 18.

[95] *See Douglass*, 79 F.3d at 1428–29.

and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner's claims be dismissed with prejudice.

### V. Conclusion

For the reasons stated above, on *de novo* review, the Court finds that Petitioner is not entitled to federal habeas relief on his claim that the state trial court was without jurisdiction to reconsider its ruling on the motion to quash the indictment. Furthermore, finding no plain error in the portions of the Report and Recommendation to which Petitioner does not object, the Court adopts the Magistrate Judge's recommendation that Petitioner's claims be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Randolph Armstead's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __25th__ day of September, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

16